HALL, Circuit Judge,
concurring:
I fully concur in the result reached in the opinion. I write separately, however, to enunciate how I reach the determination that 18 U.S.C. § 922(a)(3) does not impose a substantial burden on the exercise of Decastro’s Second Amendment right.
Had Decastro opted to utilize the lawful means by which he could have acquired a handgun in New York and done so, § 922(a)(3) would have played no role in regulating that transaction. By the same token, § 922(a)(3) by its terms did not preclude Decastro from acquiring the handgun in question from the Florida dealer because all that the federal statute effected were minor limitations on the channels through which that handgun was to be shipped from Florida to New York. Even though acquisition is indeed often necessary to effectuate the Second Amendment right to keep and bear arms, any limitations on Decastro’s acquisition were those occasioned by his own refusal to comply with New York State’s requirements for possessing a handgun, and the federal statute, therefore, played no demonstrable role in precluding Decastro from purchasing a firearm in either state so as to exercise his Second Amendment right. For these reasons, § 922(a)(3), as applied, does not substantially burden Decastro’s Second Amendment right to own a firearm in defense of his home and hearth. See District of Columbia v. Heller, 554 U.S. 570, 635, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008).